IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRIAN D. BRASSEY,<br><br>Plaintiff,<br><br>vs.<br><br>WASHINGTON MUTUAL BANK,<br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendants. | ORDER and<br>MEMORANDUM DECISION<br><br><br>Case No. 2:10-CV-1108-TC<br><br>Judge Tena Campebll |

Brian Brassey brought suit against Defendant Washington Mutual Bank (WaMu) and

Defendant JPMorgan Chase Bank, N.A. (Chase) alleging that Defendants lack any interest in the

subject property and that Defendants do not have the authority to foreclose the trust deed.

Defendant Chase has moved to dismiss the complaint for failure to state a claim. The court

agrees with Chase and GRANTS Chase's motion.

**BACKGROUND**

In April 2007, Mr. Brassey obtained financing from WaMu for the purchase of property

in Park City, Utah, which he secured with a trust deed on that property. On October 30, 2010,

after Mr. Brassey failed to make payments on the loan, the trustee under the trust deed recorded a

notice of default. Mr. Brassey initiated this lawsuit on November 8, 2010, claiming that the note

was transferred, pooled, and securitized and, as a result, the Defendants have no authority under

the notes.

**STANDARD OF REVIEW**

When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the court must presume the truth of all well-pleaded facts in the complaint, but need not consider conclusory allegations. Tal v. Hogan, 453 F.3d 1244, 1252 (2006); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). Conclusory allegations are allegations that "do not allege the factual basis" for the claim. Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995). The court is not bound by a complaint's legal conclusions, deductions and opinions couched as facts. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). And although all reasonable inferences must be drawn in the non-moving party's favor, Tal, 453 F.3d at 1252, a complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570. Stating a claim under Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).

**ANALYSIS**

Mr. Brassey's six causes of action are based on the allegation that Defendants transferred, pooled, and securitized his note and, as a result, have no authority under the note. This argument must be rejected.

Mr. Brassey has alleged no factual support to demonstrate that the note was the subject of

securitization.[1] Under the standard set forth above, Mr. Brassey's claims must be dismissed.

Even assuming that the note was securitized, Mr. Brassey's arguments "ignore the fact that

secuirtization merely creates 'a separate contact, distinct from Plaintiff's debt obligations under

the reference credit (i.e. the Note).'" <u>Taylor v. Citimortgage</u>, No. 2:10-CV-505-TS, 2010 WL

4683881, at \*3 (D. Utah Nov. 10, 2010) (quoting <u>Larota-Florez v. Goldman Schs Mortgage</u>

<u>Co.</u>,719 F. Supp. 2d 636, 642 (E.D.Va. 2010)). The separate contract that is the result of

secuirtization does not free Mr. Brassey from the terms agreed upon in the trust deed. "[T]here is

no legal authority that the sale or pooling of investment interests in an underlying note can

relieve borrowers of their mortgage obligations or extinguish a secured party's rights to foreclose

on secured property." <u>Taylor</u>, 2010 WL 4683881, at \*3 (quoting <u>Upperman v. Deutsche Bank</u>

<u>Nat'l Trust Co.</u>, No. 1:10-CV-149, 2010 WL 1610414, at \*2 (E.D.Va. Apr. 16, 2010)).

Accordingly, Mr. Brassey's claims must be dismissed.

### CONCLUSION

For the reasons set forth above, Chase's motion to dismiss (Dkt. No. 4) is GRANTED.

Accordingly, the court directs the Clerk of the Court to close the case.

SO ORDERED this 14th day of April, 2011.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge

---

[1]Chase has provided evidence that the note, in fact, was never pooled, securitized, or sold on the secondary market. Rather, Chase acquired the note from the FDIC, as receiver fo WaMu, under a written purchase and assumption agreement.